**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sergio Rendon,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-22-00570-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. Plaintiff and his spouse, in this community property state, earn approximately $57,500 per year.¹ This equates to approximately $4,800.00 per month (which per the form Plaintiff completed is gross income before taxes and other deductions). (Doc. 2 at 1). Plaintiff's family's monthly expenses exceed $4,800.00 (These month expenses do not list taxes or other payroll deductions, so the Court is unsure if $4,800 is really the pre-tax number). Plaintiff's spouse has $1,000 in savings.

The Ninth Circuit Court of Appeals has discussed when a district court should grant in forma pauperis status:

> Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds and where her suit is not frivolous or malicious. [footnote omitted] *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir.1984).

---

¹ The Ninth Circuit Court of Appeals has held that whether spousal income may be considering in the ability to pay inquiry is a fact question based on a particular plaintiff's circumstances. *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015). Here, in his in forma pauperis application, Plaintiff has indicated that he and his wife share income. (Doc. 2 at 5).

> An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948). The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir. 1960). Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).
>
> …
> As noted above, there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status.

*Escobedo v. Applebees,* 787 F.3d 1226, 1234-36 (9th Cir. 2015).  The court of appeals noted in its analysis: "Once [Escobedo's] rent and debt payments were taken into account, she would have had to dedicate the entirety of two-months' worth of her remaining funds, meaning that she would have to forego eating during those sixty days, to save up to pay the filing fee." *Id.* at 1235.

Thus, a possible reading of *Escobedo* is that if Plaintiff's rent and debt payments exceed his income, Plaintiff is eligible for in forma pauperis status.  *Id.* However, taken to its extreme, this reading would mean someone earning millions of dollars per year would qualify for in forma pauperis status as long as they are spending more than they earn.  Conversely, the *Escobedo* court seemed to recognize some limits on this formula.  For example, the Court noted: "the $350 fee represented roughly forty percent of Escobedo's monthly income." *Id.* at 1235.  The Court also stated: "the filing fee would … be twenty-six percent of Escobedo's communal property share of the family's monthly income and thirteen percent of the total monthly family income." *Id.*  Thus, the Court in *Escobedo* seemed to also tether its holding to a calculation of how much of a plaintiff's monthly budget a filing fee would represent.  Here, the $402 filing fee would be approximately 8% of the family's monthly income.  By way of comparison, approximately 19% of the family's monthly income is spent on transportation costs.  Alternatively, the filing fee would be 40% of the family's savings if they choose not to pay it from income.

While this case presents a close question, the Court will grant the application to proceed in forma pauperis using the calculations set forth in *Escobedo*.  Therefore,

**IT IS ORDERED GRANTING** the application for leave to proceed in forma pauperis (Doc. 2), without prepayment of costs or fees or the necessity of giving security therefor. Plaintiff shall be responsible for service of the summons and complaint.

Dated this 11th day of April, 2022.

James A. Teilborg
Senior United States District Judge