**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sergio Rendon, | No. CV-22-00570-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Sergio Rendon's Motion for Attorney Fees under 42 U.S.C. § 406(b) and Memorandum in support thereof. (Docs. 23, 24). The Commissioner of the Social Security Administration ("Commissioner") filed a response indicating it "neither supports nor opposes counsel's request." (Doc. 25 at 2). The Court now rules.

**I.   BACKGROUND**

The Commissioner initially denied Plaintiff's claim for benefits, and Plaintiff filed this action seeking judicial review of the Commissioner's decision. (Doc. 1 at 2, 4). The parties filed a Stipulated Motion to Voluntarily Remand the case for further proceedings, and stipulated that Plaintiff be awarded $4,722.50 under the Equal Access to Justice Act ("EAJA"). (Doc. 18; Doc. 21). Pursuant to those stipulations, the Court: (1) reversed the Commissioner's decision and remanded for further proceedings, and (2) awarded Plaintiff $4,722.50 in fees. (Doc. 19; Doc. 20 (Clerk of the Court entered judgment); Doc. 22).

On remand, an Administrative Law Judge ("ALJ") found Plaintiff was entitled to

Social Security disability benefits beginning in March 2020. (Doc. 24-1 at 5). The Commissioner issued a Notice of Award stating that $29,000.25 had been withheld for payment of attorney fees. (Doc. 24-1 at 7 (stating that the Commissioner "usually withhold[s] 25 percent of past-due benefits" and had withheld $29,000.25)). According to Plaintiff's counsel, counsel that represented Plaintiff before the agency petitioned for a fee of administrative services under 42 U.S.C. § 406(a) in the amount of $8,200, leaving $20,800.25 for potential attorney fees. (Doc. 24 at 2).[1]

Plaintiff's counsel now seeks a fee award of $14,200.00 pursuant to 42 U.S.C. § 1406(b). (Doc. 24 at 1).

**II.   LEGAL STANDARD**

A court entering judgment in favor of a Social Security claimant represented by counsel "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Though "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may deviate downward from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. "Because the [Commissioner] has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee agreement, the character of the attorney's representation, and the achieved result. *Gisbrecht*, 535 U.S. at 808. Although not controlling, courts may also

---

[1] Plaintiff's counsel does not provide documentation to support this statement, but the Commissioner does not dispute it. Accordingly, the Court accepts Plaintiff's counsel's representation and assumes such documentation is available for review if this fact is ever disputed.

consider the number of hours spent representing the claimant and the attorney's normal hourly billing rate for non-contingent-fee cases in determining reasonableness. *Id.* at 808–09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation omitted).

### III.     DISCUSSION

Applying the *Gisbrecht* factors, the Court finds that the requested fee is reasonable. Plaintiff contracted to pay 25 percent of the past-due benefits on a contingent fee basis for work performed by Plaintiff's counsel in this action, and the fee requested is in fact *less* than 25 percent of the past-due benefits. (Doc. 24-2 at 1; Doc. 24 at 1). Plaintiff's counsel's itemization of services indicates 20.1 hours of services rendered. (Doc. 24-3 at 3). Plaintiff's counsel requests an hourly rate of $706.46 per hour ($14,200.00/20.1 hours), (Doc. 24 at 6), which is in line with effective hourly rates previously approved in this Circuit. *See Young v. Colvin*, No. CV-11-538-PHX-SMM, 2014 WL 590335, at *2 (D. Ariz. Feb. 14, 2014) (citing *Crawford*, 586 F.3d at 1153) (noting approval of effective hourly rates of $519, $875, and $902).

On the instant record, there is no indication of any substandard performance by Plaintiff's counsel. There is also no indication of substandard performance or undue delay in prosecuting Plaintiff's case. Indeed, through Plaintiff's counsel's efforts, Plaintiff was awarded all benefits for which Plaintiff applied. Thus, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $14,200.00 is reasonable and will approve an award in this amount.

Because Plaintiff's counsel "must refund to the claimant the amount of the smaller fee [between the attorney fees payable under both the EAJA and § 406(b)]," *Gisbrecht*, 535 U.S. at 796, the Court will order Plaintiff's counsel to refund the $4,722.50 EAJA award to Plaintiff upon Plaintiff's counsel's receipt of the attorney fees awarded by this Order.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1)(A), (Doc. 23), is **GRANTED** in the amount of $14,200.00.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the EAJA, in the amount of $4,722.50.

Dated this 28th day of October, 2025.

*James A. Teilborg*
Senior United States District Judge